# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

CINDY KAY MARTEL,

        Plaintiff,

v.                                Case No. 2:24-cv-254-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Cindy Kay Martel ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of epilepsy, migraines, shingles, methicillin-resistant staphylococcus aureus (MRSA), tic disorder, and anxiety disorder. Transcript of Administrative

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Martin O'Malley as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed May 16, 2024, at 66, 73, 229. Plaintiff protectively filed an application for DIB on April 19, 2021, alleging a disability onset date of October 1, 2020.[3] Tr. at 201-04. Later, the alleged onset date was amended to July 1, 2021. Tr. at 45, 215-16. The application was denied initially, Tr. at 65, 66-72, 119-22, and upon reconsideration, Tr. at 73-82, 83, 133-36.[4]

On August 24, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 41-64. At the time of the hearing, Plaintiff was fifty-five (55) years old. Tr. at 46. On October 19, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-23.[6]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel and additional medical evidence.

---

[3]    Although actually completed on April 29, 2021, see Tr. at 201, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 19, 2021, see, e.g., Tr. at 66, 73.

[4]    Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]    The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 43, 190-91, 308.

[6]    The administrative transcript also contains an ALJ decision dated September 30, 2020 and adjudicating earlier-filed claims for DIB and supplemental security income (SSI). Tr. at 87-100. That decision is not at issue here.

See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 29-40 (medical evidence), 195-96 (cover letter and request for review), 197-98 (brief). On January 23, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On March 20, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends "[t]he ALJ failed to account for the 'total limiting effects' of Plaintiff's severe physical and mental impairments; this is particularly evidenced in the ALJ's failure to apply SSR 19-4p, the binding SSA Ruling regarding the evaluation of primary headache disorders." Plaintiff's Brief – Social Security (Doc. No. 10; "Pl.'s Br."), filed June 11, 2024, at 1 (emphasis omitted); see id. at 3-13. On July 5, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 11; "Def.'s Mem.") addressing Plaintiff's argument. Plaintiff on July 19, 2024 filed Plaintiff's Reply Brief – Social Security (Doc. No. 12; "Reply"). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based on his findings at that step. See Tr. at 13-23. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 1, 2021, the amended alleged onset date." Tr. at 13 (emphasis

---

[7]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: seizure disorder; headaches; plantar fasciitis; and left ankle joint instability." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] lift/carry [ten] pounds occasionally and [five] pounds frequently; sit for six hours in eight hour workday; stand and or walk for two hours in eight hour workday; occasional climbing of ramps or stairs, but no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; no commercial driving; frequent handling and fingering; work environments of moderate noise as defined by SCO noise code 3; no exposure to extreme bright lights like stage lights, headlights, or bright inspection lights, but normal home and office lighting is acceptable; and no exposure to hazardous machinery or unprotected heights.

Tr. at 16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as an Office Manager" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC.]" Tr. at 22 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not

been under a disability . . . from July 1, 2021, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in assessing the RFC because the ALJ "failed to account for the 'total limiting effects' of Plaintiff's severe physical and mental impairments." Pl.'s Br. at 1, 3 (emphasis omitted). In making her argument, Plaintiff focuses on her headaches. <u>See</u> <u>id.</u> at 3-13. According to Plaintiff, the ALJ erred at step three in finding the headaches do not meet or equal a listing and also at later steps in evaluating their effect on her RFC. <u>See</u> <u>id.</u> Responding, Defendant argues even if there were "technical errors" at step three, Plaintiff does not seriously argue she meets a listing at that step so there is no basis for remand. Def.'s Mem. at 4 (emphasis and capitalization omitted). As for the ALJ's other findings, Defendant contends the ALJ "adequately accounted for Plaintiff's migraines" in the RFC. <u>Id.</u> at 7 (emphasis and capitalization omitted). Replying, Plaintiff argues that she does indeed meet or equal a listing at step three, and the ALJ's finding to the contrary was erroneous. Reply at 3. The issues are intertwined and are addressed together.

At step three, the burden rests on the claimant to prove the existence of a Listing-level impairment. <u>Carnes v. Sullivan</u>, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. <u>See, e.g.</u>, <u>id.</u>; <u>see also</u> <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a

Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." <u>Wilson</u>, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." <u>Id.</u> (internal quotations and citations omitted).

There is no Listing that applies directly to migraine headaches, but the Administration "may find that a primary headache disorder, alone or in combination with another impairment(s), medically equals a listing." Social Security Ruling (SSR) 19-4p, 2019 WL 4169635, *7. Listing 11.02 (epilepsy) is the most analogous listed impairment. <u>See</u> <u>id.</u> SSR 19-4p explains, "While uncommon, a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D for dyscognitive seizures) . . . ." <u>Id.</u> Paragraph B of Listing 11.02 requires "dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. SSR 19-4p, at *7; 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02. Dyscognitive seizures are characterized by alteration of consciousness without convulsions or loss of muscle control, and blank staring, change of facial expression, and automatisms (such as lip smacking, chewing or swallowing, or repetitive simple actions, such as gestures or verbal utterances) may occur. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00H1b.

"To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, [the Administration] consider[s]: A detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations)." SSR 19-4P, at *7.

Paragraph D of Listing 11.02 "requires dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning." SSR 19-4p, at *7; 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02. "To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in [Paragraph D, the Administration] consider[s] the same factors [it] consider[s] for [Paragraph B]," along with "whether the overall effects of the primary headache disorder on functioning results in marked limitation in: Physical

- 9 -

functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself." SSR 19-4p, at *7.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ considered at step three whether Plaintiff meets or equals a Listing and found she does not. Tr. at 15-16. The ALJ gave particular consideration to Listing 11.02, but only as it applies to Plaintiff's seizures. Tr. at 15-16. As for the headaches, the ALJ found:

> In considering Section 11.00, the record does not show that [Plaintiff's] headaches are secondary to any listed neurological impairment. Therefore, the undersigned must find that [Plaintiff] does not meet the severity criteria of any of the Listings of Impairments. Additionally, Social Security Ruling 19-4P has been considered.

Tr. at 16.

The ALJ's findings are flawed to such a degree that judicial review is frustrated and reversal with remand is required.[8] The ALJ erroneously determined that the severity requirements of Listing 11.02 and Section 11.00 in general can only be met when headaches are secondary to a listed neurological impairment. In reality, as SSR 19-4p dictates, Listing 11.02—including its severity requirements—can be medically equaled with headaches being the primary disorder. The ALJ's finding to the contrary leaves open the question of whether the severity requirements of Listing 11.02 are satisfied with respect to Plaintiff's headaches as a primary disorder and/or in combination with her seizures. Although the ALJ stated that SSR 19-4p had been considered, given the ALJ's actual findings, the Court is not so satisfied.

Moreover, although the ALJ clearly considered that Plaintiff suffers from migraine headaches, the balance of the ALJ's findings on the matter does not allow for meaningful review of the step three severity requirement or the ALJ's

---

[8]    The Court does not agree with Defendant that the ALJ's error here was only technical.

later RFC findings. To be sure, the ALJ's Decision refers several times to Plaintiff's treatment for headaches and sometimes to the alleged frequency and medications taken. <u>See</u> Tr. at 17-22. However, there is more information set forth in the treatment notes and other evidence that is relevant not only to the step three considerations but also to the RFC findings: symptoms, side effects, limitations, etc. <u>See, e.g.</u>, Tr. at 56-58 (Plaintiff testifying about headaches and medications), 408-15, 423-31, 450-53, 455-58, 485-90,492-95, 504-13, 525-34, 551-54, 562-64, 632-41 (treating and evaluating notes documenting frequency, severity, symptoms, medications, and side effects).[9] The ALJ's discussion of the evidence does not assure the Court these matters were adequately considered at step three or at later steps. The matter must be reversed and remanded for further consideration of the effects of Plaintiff's headaches at step three, and if necessary, at later steps in the sequential evaluation.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

---

[9]     The ALJ did find regarding Plaintiff's alleged neurological issues in general that she had not sought specialized neurological treatment in "almost 2 years," evidencing that Plaintiff's allegations are not corroborated. Tr. at 20. This may be a relevant consideration but does not replace the failure to consider the relevant information that is set forth in the various notes from when Plaintiff was seeking specialized treatment.

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider whether Plaintiff meets or medically equals a Listing at step three, ensuring explicit consideration of the matters set forth in SSR 19-4P;

(B)    If necessary, reconsider the effects of Plaintiff's headaches at later steps; and

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 22, 2025.

James R. Klindt

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record